UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

DEYMI PEREZ GARCIA                     CIVIL ACTION NO. 26-0177

VERSUS                                 JUDGE S. MAURICE HICKS, JR.

KRISTI NOEM, ET AL.                    MAGISTRATE JUDGE LEBLANC

**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 8) filed by the habeas petitioner in this case, Deymi Perez Garcia ("Petitioner").[1] Petitioner, a Guatemalan national, entered the United States in or around April 2015. See Record Document 8-1 at 1. She has lived in this country since then, is married to a US citizen, and has a young child who is a United States citizen. See id. at 3. Petitioner was detained on or around December 2025, and transferred to the South Louisiana ICE Processing Center on or around December 30, 2025. See id. She remains in the custody of United States Immigration and Customs Enforcement. See id. at 4.

On November 30, 2021, Petitioner's husband filed Form I-130 (Petition for Alien Relative) with the United States Citizenship and Immigration Services ("USCIS"). See id. at 3. The Petition for Alien Relative was approved by USCIS on November 27, 2022. See id. At the time of her detention, Petitioner was in the process of preparing Form I-601A (Application for Provisional Unlawful Presence Waiver) to be filed with USCIS in order to

---

[1] Petitioner's first Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 5) was deficient and is hereby terminated in light of the corrective filing.

obtain a waiver which will allow her to travel outside the country to complete consular processing.  See id.  Petitioner submits that she "appears [to be] eligible for cancellation of removal of non-permanent residents." Id. at 4.

On January 21, 2026, Petitioner filed a Habeas Petition (Record Document 1). The Habeas Petition challenges her ongoing detention without a bond hearing.  See id. at 1-2.  She asks the Court to assume jurisdiction and to immediately release her.  See id. at 10.  Alternatively, she seeks an individualized bond hearing within seven days.  See id. at 11.  Petitioner also seeks an order prohibiting her from being transferred outside the Western District of Louisiana during the pendency of her Habeas Petition.  See id.  In the instant motion for injunctive relief, which was filed on February 6, 2026, Petitioner seeks a Temporary Restraining Order enjoining Respondents from moving her outside the Western District of Louisiana and ordering her immediate release.  See Record Document 8-1 at 7.

An applicant for a Temporary Restraining Order ("TRO") must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017).  Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999)

(explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner maintains that she is likely to succeed on the merits, that is, she falls outside the scope of 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention provision. Instead, she believes the controlling statute is 8 U.S.C. § 1226. Section 1226 provides that noncitizens may be detained; however, they are also eligible for a bond hearing with an Immigration Judge. However, Petitioner's position is foreclosed by Buenrostro-Mendez v. Bondi, No. 25-20496 Consolidated with 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

In Buenrostro-Mendez, the Fifth Circuit addressed a statutory interpretation issue presented by a class of noncitizens. 2026 WL 323330, *1. The noncitizens conceded they were applicants for admission, that is, aliens present within the United States who have not been admitted by lawful means. See id., citing 8 USC §§ 1225(a)(1), 1101(a)(13)(A). Thus, the government maintained that petitioners were subject to mandatory detention pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2)(A). See id. Conversely, petitioners argued "that, despite falling squarely within § 1225, they are nonetheless eligible for discretionary release on bond during removal proceedings" pursuant to 8 U.S.C. § 1226(a)(2). See id. The Fifth Circuit held that the government's position was correct and reversed the district courts' orders to provide petitioners with

bond hearings or release them. See id. In light of this recent decision, this Court cannot find that Petitioner is likely to succeed on the merits of her Habeas Petition.

Additionally, Petitioner seeks injunctive relief that mirrors the relief requested in her Habeas Petition, that is, no removal from the Western District, immediate release, and/or a bond hearing. Preliminary injunctions should not conclusively decide disputes and should not be used to rule on the final, merits question. See Pema Sherpa v. Judith Almodovar, et al., No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026), citing Lackey v. Stinnie, 604 U.S. 192, 200 (2025). TROs and preliminary injunctions are meant to preserve the status quo until a final disposition is rendered. See id., citing Lackey, 604 U.S. at 193. TROs and preliminary injunctions should not protect the status quo "unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." Id., citing Canal Auth. of the State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974).

A ruling on the instant Motion should not resolve the legal disputes in this case. Thus, to the extent Petitioner asks for an order of immediate release from custody or to compel an expedited bond hearing, the Court views this request as an effort to obtain a ruling on the merits of his Habeas Petition through injunctive relief. Petitioner's motion for injunctive relief is essentially a motion to decide the habeas petition now. See Garcia-Aleman v. Thompson, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025).

As for Petitioner's request that the government be prohibited from transferring her, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex.

Aug. 22, 2025). Petitioner has failed to show a likelihood that she will be transferred to another facility, and the Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 8) is hereby **DENIED**.  This matter is hereby **REFERRED** to Magistrate Judge LeBlanc for Report and Recommendation.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of February, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE